# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEBORA COBB, )
)
Plaintiff, )
) CASE NO: 3:17-cv-01629-VLB
v. )
)
ENHANCED RECOVERY COMPANY, )
LLC, )
)
Defendant. )
)

## DECLARATION OF SCOTT S. GALLAGHER

SCOTT S. GALLAGHER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney admitted to practice *pro hac vice* before this Court, and I am a partner of the law firm Smith, Gambrell & Russell, LLP, attorneys for defendant Enhanced Recovery Company, LLC ("ERC"). I submit this declaration in support of ERC's Motion for Summary Judgment, pursuant to Rule 56, Federal Rules of Civil Procedure. I have personal knowledge of the facts set forth herein.

2. On March 29, 2018, I served ERC's Requests for Admissions on Plaintiff's counsel.

3. On April 25, 2018, Plaintiff served her response to ERC's Request for Admissions. A true and correct copy of Plaintiff's response to ERC's Requests for Admissions is attached hereto as Exhibit A.

4. On March 29, 2018, I served ERC's First Set of Interrogatories to Plaintiff.

SGR/18571955.1

5.    On or about April 25, 2018, Plaintiff served her response to ERC's First Set of Interrogatories. A true and correct copy of Plaintiff's response to ERC's First Set of Interrogatories is attached hereto as Exhibit B.

6.    Although Ms. Cobb made a settlement demand as required by the Court's Settlement Conference Order of January 26, 2018, Ms. Cobb did not provide an analysis of damages that Ms. Cobb claimed to have suffered as a result of the conduct alleged in the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2018.

Scott S. Gallagher

SGR/18571955.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORA COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO: 3:17-cv-01629-VLB |
| v. | ) |
| | ) |
| ENHANCED RECOVERY COMPANY, | ) April 25, 2018 |
| LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## RESPONSE TO DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Plaintiff objects to the instructions and definitions because the instructions and definitions are oppressive, burdensome, outside the scope of discovery and unreasonable. *Diversified Prods. Corp. v. Sports Center Co.*, 42 F.R.D. 3 (D. Md. 1967).

## REQUEST FOR ADMISSION

1.    Admit that You received a letter from ERC concerning the Subject Account dated July 21, 2017.

Admitted that I received said letter, attached to the complaint, from defendant, but denied that it came from "ERC."

2.    Admit that You called ERC on August 1, 2017.

Admitted that I called the number on the letter but I did not know who "ERC" was.

3.    Admit that You called ERC on August 1, 2017 as a result of receiving the letter attached to the Complaint as Exhibit 1.

Admitted that I called the number on the letter but I did not know who "ERC" was.

4.    Admit that ERC did not send You the letter attached to the Complaint as Exhibit 2.

Admitted. I now know that it was sent by Enhanced Recovery Company, LLC, or its contracted mailing service.

5.    Admit that Defendant consistently referred to itself as "ERC" when communicating with You.

6.    Admit that You represented to ERC that the last bill that You received on the Subject Account was for $385.

Objection, outside the scope of discovery. There is no claim or defense relating to the bill on the underlying account., which is shown at defendant's Production response labeled ERC # 91

7.    Admit that You received in the mail the bill from the Creditor produced in this matter stamped ERC000091-000092.

Objection, outside the scope of discovery. There is no claim or defense relating to the underlying account. Admitted.

8.    Admit that You received in the mail the bill from the Creditor produced in this matter stamped ERC000093-000094.

Objection, outside the scope of discovery. There is no claim or defense relating to the bills from the creditor. Denied.

9.    Admit that You received in the mail the bill from the Creditor produced in this matter stamped ERC000095-000096.

2

Objection, outside the scope of discovery. There is no claim or defense relating to the bills from the creditor. Denied.

10. Admit that You lived at 274 Quinn Street, Naugatuck, Connecticut from July 2016 through August 2017.

11. Admit that You received mail at 274 Quinn Street, Naugatuck, Connecticut from July 2016 through August 2017.

12. Admit that You were not confused by the letter attached to the Complaint as Exhibit 1 to the Complaint.

Denied.

13. Admit that any confusion you suffered as a result of receiving the letter attached to the Complaint as Exhibit 1 did not prevent you from disputing the Account on August 1, 2017.

Denied.

14. Admit that ERC did not attempt to collect on the Subject Account from You after August 1, 2017.

Despite reasonable inquiry, the information I have obtained is insufficient to enable me to admit or deny. Defendant's collection log indicated some activity on August 3, 2017 but I can't tell what it did.

15. Admit that You did not set up an account on payerc.com.

Admitted; I would not set up an account with an unknown web site.

16. Admit that You did not make any payments on the Subject Account to ERC.

3

Objection: not relevant to any claim or defense. Admitted that I would not and did not make any payments to an unknown nonentity that concealed its true name.

17.     Admit that You informed ERC on August 1, 2017 that You were about to file bankruptcy.

Objection, not relevant to any claim or defense. Denied.

18.     Admit that You have not filed for bankruptcy.

Objection, not relevant to any claim or defense. Admitted as to dates in and after 2016 to the date of this response.

19.     Admit that You have not been injured as a result of receiving the letter attached as Exhibit 1 to the Amended Complaint.

Denied; the least sophisticated consumer is always injured by violation of the plain language of the FDCPA, here, failure to disclose the collector's true name.

20.     Admit that the documents produced as ERC000051-000096 are authentic copies of bills applicable to the Subject Account.

Objection, outside the scope of discovery. There is no claim or defense relating to the balance on the underlying account. Denied.

21.     Admit that the documents produced as ERC000112-000115 are applicable to the Subject Account.

Denied

22.     Admit that ERC did not misrepresent the amount, character, or legal status of the Subject Account.

4

Denied. ERC misrepresented the legal status of the account by not revealing its true name, and misrepresented that it could collect under a fictitious name. Goins v. JBC & Associates, P.C., 352 F. Supp. 2d 262 (D. Conn. 2005).

23.    Admit that Defendant has registered "ERC" as a trade name under which it collects consumer debt with the Connecticut Banking Department.

Denied

24.    Admit that Defendant has registered "ERC" as a service mark for "debt recovery services" with the United Stated Patent and Trademark Office with Registration Number 5069227.

Denied

25.    Admit that ERC is located in Florida.

Denied. There is an entity called Enhanced Recovery Company, LLC, which is located in Florida, according to the records of the Connecticut Banking Dep't.

26.    Admit that Defendant has registered "ERC" as a trade name in the state of Florida.

Denied; Objection: outside the scope of discovery and irrelevant as to Connecticut.

27.    Admit that Defendant's license to perform consumer collection services in the state of Florida includes "ERC" as a trade name under which it is licensed to perform such services.

Denied; outside the scope of discovery and irrelevant as to Connecticut.

5

Admitted but unnecessary and irrelevant since defendant has admitted that it

has not filed a fictitious name registration with any Connecticut town clerk.


THE PLAINTIFF

*Joanne S. Faulkner*

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

6

# EXHIBIT B

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DEBORA COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CASE NO: 3:17-cv-01629-VLB** |
| v. | ) |
| | ) |
| ENHANCED RECOVERY COMPANY, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintif objects to the five pages of instructions and definitions because the instructions and definitions are oppressive, burdensome, outside the scope of discovery and unreasonable. *Diversified Prods. Corp. v. Sports Center Co.*, 42 F.R.D. 3 (D. Md. 1967).

1.      Identify all facts upon which you base your allegation in Paragraph 4 of the Amended Complaint that the obligation on the Subject Account arose out of a personal credit card debt in which money, property, insurance or services, which are the subject of the transaction utilized on the credit card, were primarily for personal, family, or household purposes. Specifically, identify on what items the money that is the subject of the account was spent.

RESPONSE: My personal knowledge that I never owned or ran a business and that I used the Target card for clothing, food, personal care items and children's school supplies.

SGR/18166980.1

2.     Identify all damages, including out-of-pocket expenses, diagnosed injuries or ailments, and any intangible harms, you suffered as a result of receiving the letter attached to the Amended Complaint as Exhibit 1, whether You are seeking them or not.

RESPONSE:

Plaintiff seeks only statutory damages plus costs and fees. A consumer is always injured by violation of the plain language of the FDCPA, here, failure to disclose the collector's true name.

3.     Identify all actions You took in response to receiving the letter attached to the Amended Complaint as Exhibit 1.

RESPONSE:

Called the number on the letter to let them know I had no income because I lost my job, after I called legal aid seeking a bankruptcy lawyer.

4.     Identify all actions taken by you, or anyone acting on Your behalf, to mitigate any damages suffered as a result of the conduct alleged in this matter.

RESPONSE:

Objection: Outside the scope of discovery since  mitigation of damages is not a  statutory defense to an FDCPA claim. E.g., *Jacobson v. Persolve, LLC,* No. 14-CV-00735-LHK, 2014 WL 4090809, at *6 (N.D. Cal. Aug. 19, 2014).  15 U.S.C. §1692k lists the only viable defenses.

2

5.    Identify any agreements between You and the Creditor that you contend apply or applied to the Subject Account in this matter.

ANSWER:

Objection: outside the scope of discovery. This matter relates to defendant's collection efforts and there is no claim or defense that has to do with underlying agreements of which I do not have possession or control in any event.

6.    Identify all communications that you received from ERC concerning the Subject Account.

RESPONSE:

The letter attached to the Complaint, which said it was from ERC but it was from defendant.

7.    Identify any and all bases on which you dispute the validity or the amount of the Subject Account.

RESPONSE:

Objection: outside the scope of discovery. This matter relates to defendant's collection efforts and there is no claim or defense that has to do with the validity or amount of the underlying account in this matter.

8.    Identify all addresses at which You received mail for the period of June 2016 through the present.

RESPONSE:

3

Objection: outside the scope of discovery. This matter relates to defendant's collection letter which was sent to my correct address, which address the collector confirmed in my call to defendant, and there is no claim or defense that has to do with using a wrong address.

9.      Identify all ways in which you were confused or misled upon reading the letter attached as Exhibit 1 to the Amended Complaint.

RESPONSE:

I did not know who the sender was because it concealed its true name, and was concerned that the letter might be a scam.

10.      Identify all person(s) with whom you discussed any confusion arising from reading the letter attached as Exhibit 1 to the Amended Complaint.

RESPONSE:

My attorney, Joanne S. Faulkner

11.      Identify all actions you took to relieve any confusion arising from reading the letter attached as Exhibit 1 to the Amended Complaint. In your answer, please specify if you contacted any Town Clerks.

RESPONSE:

I left that up to my attorney, who viewed the Connecticut Banking Department web site which did not  list any collector named ERC, and confirmed with defendant that it did not have a fictitious name filing in any town clerk's office.

4

12.    Identify the bill that you referred to in your conversation with ERC on August 1, 2017, which you represented listed a balance of $385 on the Subject Account.

RESPONSE:

Objection: outside the scope of discovery. This matter relates to defendant's collection efforts and there is no claim or defense that has to do with the validity or amount of the underlying account in this matter. See production labeled ERC #91.

13.    Identify by court and case number any bankruptcy proceedings which you have initiated since June 2017.

RESPONSE:

Objection: outside the scope of discovery, not related to any claim or defense. None as of this date.

14.    Identify all names that Defendant used to refer to itself when communicating with You.

RESPONSE:

The letter used only ERC, and the collection agent that I talked to used only ERC.

15.    Identify any actions that ERC took to collect the Subject Account following August 1, 2017.

RESPONSE:

5

Defendant's collection log indicated some activity on August 3, 2017 but I can't tell what it did, except that "ERC" did not do it.

16.    Identify all actions that you attempted to take to dispute the account which were inhibited by the use of "ERC" in the letter attached to the Amended Complaint as Exhibit 1.

RESPONSE:

Objection; outside the scope of discovery, irrelevant, and not related to any claim or defense since the standard is the least sophisticated consumer, and I am acting as a private attorney general to protect the least sophisticated consumer. I called the number on the letter; but the collector did not use or disclose the defendant's true name or say that I should the dispute the account in writing.

17.    Identify any way in which determining your response to the letter attached to the Amended Complaint as Exhibit 1 was inhibited by the use of ERC to refer to Defendant.

RESPONSE:

Objection; outside the scope of discovery, irrelevant, and not related to any claim or defense since the standard is the least sophisticated consumer, and I am acting as a private attorney general to protect the least sophisticated consumer. I did not want to deal with a scam, with an unknown company, or with one that concealed its true name.

6

18.    State all reasons why You believe that the use of ERC to refer to Defendant in the letter attached to the Amended Complaint as Exhibit 1 was a material misrepresentation.

RESPONSE:

It need not be material because it violates 15 U.S.C. §1692e(14) which says it "is" a violation to use any name other than the collector's true name. A consumer would be confused about who "ERC" is and whether to pay a company that concealed its name or appeared to be a scam or illegitimate.

THE PLAINTIFF

*Joanne S. Faulkner*

Objections signed BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

7

SGR/18166980.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**DEBORA COBB**

v.                                        CASE NO.  3:17CV 1629 VLB)

**ENHANCED RECOVERY COMPANY, LLC**

## VERIFICATION OF RESPONSE TO INTERROGATORIES

Pursuant to 28 U.S.C. §1746, the undersigned states that the facts stated in the responses to interrogatories are true to the best of my knowledge and belief. As to legal contentions and analysis, I have no personal knowledge, but rely upon counsel.

The foregoing is true and correct.

Signed under the penalty of perjury on  April    , 2018

_____
**Debora Cobb**