**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DEBORA COBB,<br><br>        Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY,<br>LLC,<br><br>        Defendant. | )<br>)<br>)<br>)  **CASE NO: 3:17-cv-01629-VLB**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT**
**OF FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

In compliance with Fed. R. Civ. P. 56(c) and D. Conn. L. Civ. Rule 56(a)2, the Plaintiff responds *in italics* to Defendant, Enhanced Recovery Company, LLC's Statement of Undisputed Facts in support of its Motion for Summary Judgment. *Facts are admitted only to the extent that the Defendant will be able to present them in admissible form, even if they are not presently in such form. Fed. R. Civ. P. 56(c)(2).*

I. **ERC's relevant non-Connecticut registrations**

*Objection: Enhanced's non-Connecticut registrations are not relevant under the least sophisticated consumer standard, as set forth in Plaintiff's brief.*

1.      Defendant is a limited liability company organized under the laws of the state of Delaware. Declaration of Jason Davis dated June 11, 2018 filed in support hereof [hereinafter "Davis Decl."] at ¶ 10.

*Admitted but not relevant under the least sophisticated consumer standard.*

SGR/18545817.1

2.      Defendant's principal place of business is maintained at 8014 Bayberry Road, Jacksonville, Florida 32256. *Id.* at ¶ 5.

*Admitted but not relevant under the least sophisticated consumer standard.*

3.      Defendant has maintained a fictitious name registration in the office of the secretary of state for Florida reflecting the use of *ERC* as a trade name for Enhanced Recovery Company, LLC, since February 12, 2015. *Id.* at ¶ 5, Exh. A.

*Admitted but not relevant under the least sophisticated consumer standard.*

4.      ERC maintains a license as a Consumer Collection Agency with the state of Florida's Office of Financial Regulation. *Id.* at ¶ 6, Exh. B.

*Admitted but not relevant under the least sophisticated consumer standard.*

5.      This license reflects that ERC provides such services under the trade name *ERC. Id.*

*Admitted but not relevant under the least sophisticated consumer standard.*

6.      ERC maintains a federal registration with the United States Patent and Trademark Office for the service mark "ERC" for use in connection with providing debt collection services. *Id.* at ¶ 7, Exh. C.

*Admitted but not relevant under the least sophisticated consumer standard. Several other entities also seem to have such a registration for the same name:*

2

SGR/18545817.1

*On Friday, October 25, 2013, a U.S. federal trademark registration was filed for ERC by The ERC Group, LLC, Fairfield, NJ 07004. The USPTO has given the ERC trademark serial number of 86101738*

*On Monday, December 8, 2014, a U.S. federal trademark registration was filed for ERC by Lancaster Oil Company, Lancaster, PA 17601. The USPTO has given the ERC trademark serial number of 86473841*

*On Tuesday, December 30, 2014, a U.S. federal trademark registration was filed for ERC by Education and Research Consortium of the Western Carolinas, Inc., Asheville, NC 28801. The USPTO has given the ERC trademark serial number of 86492631*

*On Thursday, June 25, 2015, a U.S. federal trademark registration was filed for ERC by Enhanced Recovery Company, LLC, Jacksonville, FL 32256. The USPTO has given the ERC trademark serial number of 86674623.*

*On Thursday, January 19, 2017, a U.S. federal trademark registration was filed for ERC by ZF FRIEDRICHSHAFEN AG, 88046 FRIEDRICHSHAFEN. The USPTO has given the ERC trademark serial number of 87306672.*

*https://www.trademarkia.com/erc-86473841.html (last visited July 3, 2018)*

7.    ERC has maintained a fictitious name registration with the state of Delaware since February 2015. *Id.* at ¶ 10, Exh. E.

*Admitted but not relevant under the least sophisticated consumer standard. The document does not indicate that the fictitious name has been "maintained."*

3

8.     Enhanced Recovery Company, LLC has been using the trade name *ERC* in connection with providing debt collection services since the year 1999. *Id.* at ¶ 13.

*Not relevant under the least sophisticated consumer standard and denied as inadmissible hearsay, not best evidence. Affiant shows no personal knowledge before 2005, and provides no documentation.*

II.  **ERC's Connecticut Consumer Collection Agency licensing**

9.     Defendant is currently licensed to act as a consumer collection agency within the state of Connecticut by the Connecticut Banking Department. *Id.* at ¶ 8, Exh. D; Declaration of Richard Landoll dated June 11, 2018 filed in support hereof [hereinafter "Landoll Decl."] at ¶ 6, Exh. A; Certification of Carmine Costa, Director of the Consumer Credit Division of the State of Connecticut Department of Banking dated April 6, 2018 [hereinafter "Costa Cert."] at 1, Exh. A.

*Licensing of Enhanced is admitted based on direct download from the Banking Department web site; the Defendant's documents are inadmissible as hearsay within hearsay.*

10.    The Nationwide Multistate Licensing System is authorized pursuant to Connecticut statute to process applications for consumer collection agency licenses and maintain records related to such licenses. Costa Cert. at 1.

*Denied. Such legislative delegation of authority will not take effect as to collection agencies until October 1, 2018. Public Act No. 18-173 § 79. Conn. Gen. Stat. § 36a-801(b).*

4

*11.*    Since August 2015 Defendant has been licensed to act as a Consumer Collection Agency within Connecticut under the trade name *ERC*. Davis Decl. at ¶ 6, Exh. D; Landoll Decl. at ¶ 6-8, Exh. A; Costa Cert. at 1, Exh. A.

*Denied. The referenced declarations and exhibits are inadmissible hearsay since they are based on the truth of an inadmissible web site that disclaims reliability. Hudson v. Babilonia, 192 F. Supp. 3d 274, 295 (D. Conn. 2016); Tremalio v. Demand Shoes, LLC, No. 3:12-CV-00357 VLB, 2013 WL 5445258, at \*6 n.7 (D. Conn. Sept. 30, 2013); Glynn v. Bankers Life & Cas. Co., No. 3:02CV1802 (AVC), 2005 WL 2028698, at \*3 (D. Conn. Aug. 23, 2005)*

12.    ERC's Connecticut Collection Agency license has been renewed bearing the trade name *ERC* for the years 2016, 2017 and 2018. Landoll Decl. at ¶ 9.

*Denied as inadmissible hearsay, not best evidence.*

13.    The Connecticut Banking Department represents that it considers NMLS records to be conclusive of the status of a licensed entity *Id.* at ¶ 12-13, Exh. B.

*Denied as inadmissible hearsay of a third party not authorized to speak on behalf of the Department, not best evidence.*

14.    The Connecticut Banking Department's website is located at the url, http://www.ct.gov/dob/site/default.asp. Davis Decl. at ¶ 24; Connecticut Department of Banking, http://www.ct.gov/dob/site/default.asp (last accessed June 2, 2018).

*Admitted.*

5

15.    The Department's website includes a link to "Verify a License[,]" which leads to a page that instructs the user to select a type of licensed entity. Davis Decl. at ¶ 24; Verify a License, Connecticut Department of Banking, http://www.ct.gov/dob/cwp/view.asp?a=2239&Q=298138&dobNAV_GID=1659&dob Nav=| (last accessed June 2, 2018).

*Admitted that the link leads to an out-of-state and self-professed not-to-be-relied-on site maintained by a private non-governmental organization.*

16.    Upon selecting Consumer Collection Agency, the website directs the user to a page that states "To verify that a consumer collection agency is licensed to do business in Connecticut, please use the NMLS Consumer Access link below. NMLS Consumer Access is a fully searchable website that allows the public to view information concerning state-licensed consumer collection agencies." Davis Decl. at ¶ 25; Consumer Collection Agencies, Connecticut Department    of    Banking,    http://www.ct.gov/dob/cwp/view.asp?a=2233&q =297872&dobNAV_GID=1663 (last accessed June 2, 2018).

*Admitted that the link leads to an out-of-state and self-professed not-to-be-relied-on site maintained by a private non-governmental organization which deters visitors by a captcha.*

17.    Searching "ERC" on the linked NMLS website returns a single match, Enhanced Recovery Company, LLC with NMLS ID number 953724. Davis Decl. at ¶ 26.

*Inadmissible hearsay and not relevant under the least sophisticated consumer standard.*

6

18.    Selecting the result shows that Defendant is licensed to act as a collection agency in a number of states, including Connecticut. Davis Decl. at ¶ 27, Exh. G; Landoll Decl. at ¶ 6-7, Exh. A; Enhanced Recovery Company, LLC, NMLS Consumer Access, http://www.nmlsconsumeraccess.org/EntityDetails. aspx/ COMPANY/953724 (last accessed June 2, 2018).

*The web site is inadmissible hearsay. The Plaintiff admits that Enhanced is licensed in Connecticut. Enhanced's licensing in Connecticut is not in issue; only the fictitious designation "ERC" is in issue.*

*19.*    The records specific to Connecticut reflect that Defendant currently holds License number CCA-953724 and uses ERC as a "[t]rade [n]ame[] used in Connecticut." Davis Decl. at ¶ 8-9, Exh. D; Landoll Decl. at ¶ 6-7, Exh. A; Enhanced Recovery Company, LLC, NMLS Consumer Access, http://www.nmlsconsumeraccess.org/EntityDetails.aspx/COMPANY/953724 (last accessed June 2, 2018).

*Denied that the site is a "record." The site disclaims reliability, is inadmissible hearsay and not the best evidence. Hudson v. Babilonia, 192 F. Supp. 3d 274, 295 (D. Conn. 2016); Tremalio v. Demand Shoes, LLC, No. 3:12-CV-00357 VLB, 2013 WL 5445258, at \*6 n.7 (D. Conn. Sept. 30, 2013); Glynn v. Bankers Life & Cas. Co., No. 3:02CV1802 (AVC), 2005 WL 2028698, at \*3 (D. Conn. Aug. 23, 2005). Velez v. Healthcare Revenue Recovery Grp., LLC, No. 1:16CV377, 2017 WL 1476144, at \*11 (M.D.N.C. Apr. 24, 2017) (declining to take judicial notice of a web site where a reasonable question exists as to its accuracy).*

7

SGR/18545817.1

20.    ERC does not maintain any physical presence in Connecticut. It does not own or lease any real property in the state of Connecticut. It does not employ any persons in the state of Connecticut. Davis Decl. at ¶ 11.

*Admitted as to Enhanced but irrelevant to any issue in this matter.*

*21.*    All communications from ERC to persons in the state of Connecticut occur through telephone calls or letters or both. *Id.* at ¶ 12.

*Admitted as to Enhanced.*

## III. ERC's contacts with Ms. Cobb

22.    In each communication that ERC had with Ms. Cobb concerning the collection account at issue, ERC identified itself as *ERC*, using the commonly used trade name for Enhanced Recovery Company, LLC. *Id.* at ¶¶ 13, 16-19; Gallagher Decl. at ¶¶ 3, 5, Exh. A No. 5, Exh. B No. 14.

*Denied. "ERC" is unequivocally not a commonly used trade name that points to Enhanced, as distinguished from dozens of other identical ERCs. Enhanced could have, but did not identify its true name in any way.*

23.    On July 21, 2017, ERC sent the letter attached as an exhibit to the First Amended Complaint and which forms the basis of Ms. Cobb's claims in this Matter ("the Letter"), to Ms. Cobb. Davis Decl. at ¶ 17.

*Admitted.*

24.    The Letter presents the name *ERC* in the letterhead. *Id.* at ¶ 17, Am. Compl. at ¶ 9, Exh. 1; Def.'s Ans. to Am. Compl. at ¶ 9.

*Admitted that it so states but does not disclose or identify Enhanced.*

8

SGR/18545817.1

25.     The Letter states that Ms. Cobb's account with TD Bank USA, N.A. "has been placed with ERC for collection efforts." Davis Decl. at ¶ 17, Am. Compl. at ¶ 9, Exh. 1; Def.'s Ans. to Am. Compl. at ¶ 9.

*Admitted that it so states, but does not disclose or identify Enhanced. The collection contract placed the account with Enhanced, not with ERC. Dkt. No. 11 at 4 ¶ 18.*

26.     The Letter states: "View statements, pay your balance, and manage your account online at payerc.com." Davis Decl. at ¶ 17, Am. Compl. at ¶ 9, Exh. 1; Def.'s Ans. to Am. Compl. at ¶ 9.

*Admitted that it so states, but does not identify or disclose Enhanced.*

27.     The Letter provides a toll free number to reach ERC. Davis Decl. at ¶ 17, Am. Compl. at ¶ 9, Exh. 1; Def.'s Ans. to Am. Compl. at ¶ 9.

*Admitted that it so states but does not identify or disclose Enhanced.*

28.     The Letter states "Send correspondence to: ERC P.O. Box 57610, Jacksonville, FL 32241. Davis Decl. at ¶ 17, Am. Compl. at ¶ 9, Exh. 1; Def.'s Ans. to Am. Compl. at ¶ 9.

*Admitted that it so states but does not identify or disclose Enhanced.*

29.     The reverse of the letter states: Our Corporate Address is: ERC 8014 Bayberry Road Jacksonville, FL 32256." Davis Decl. at ¶ 17, Am. Compl. at ¶ 9, Exh. 1; Def.'s Ans. to Am. Compl. at ¶ 9.

*Admitted that it so states but does not identify or disclose Enhanced; Enhanced now includes its full corporate name in its letters. Dkt. No. 11 at 4 ¶ 22.*

9

30.     On August 1, 2017, ERC received an inbound telephone call from Ms. Cobb. The automated message that played when Ms. Cobb called states "Thank you for calling ERC." Davis Decl. at ¶ 18.

*Admitted and agreed that Enhanced did not reveal its actual identity or true name.*

31.     When ERC's representative answered the phone, he stated: "Good morning. Thank you for calling ERC. My name is Irving Anderson speaking with you on a recorded line. Who do I have the pleasure of speaking with today?" *Id.* at ¶ 19.

*Admitted and agreed that Enhanced did not reveal its actual identity or true name.*

32.     Ms. Cobb informed ERC's representative of her name and that she had questions concerning her account. Ms. Cobb then provided the reference number contained in the Letter. *Id.* at ¶ 20.

*Admitted, but Ms. Cobb did not know to whom she was talking. Dkt. No. 32-3 at 17 ¶ 16.*

*33.*     After discussing the account, Ms. Cobb stated that she would be filing for bankruptcy imminently. *Id.* at ¶ 21.

*Admitted but irrelevant and inadmissible. Jacobson v. Healthcare Financial Services, 516 F.3d 85, 96 (2d Cir. 2008).*

34.     ERC's representative then placed the account in a hold status, restricted all further communications on the account, and ceased all further

10

collection activity on the account based on Ms. Cobb's communications during the telephone call. *Id.* at ¶ 22.

*Denied. Dkt. No. 32-3 at 17 ¶ 15. Inadmissible as irrelevant to any claim or defense.*

35.    ERC did not attempt to reach Ms. Cobb after receiving her telephone call on August 1, 2017. *Id.* at ¶ 23.

*Denied. Dkt. No. 32-3 at 17 ¶ 15. Inadmissible as irrelevant to any claim or defense.*

*36.*    Ms. Cobb did not suffer any loss as a result of receiving the Letter or its use of *ERC* to refer to Defendant.  Gallagher Decl. at ¶¶ 3, 5-6, Exh. A No. 19, Exh. B No. 2.

*Denied. Dkt. No 32-3 at 8 ¶19. Ms. Cobb suffered a statutory loss by being denied information (the identity of the debt collector) to which she was entitled by law. Hsu v. Enhanced Recover Co., LLC, No. 1:17-CV-128-RP, 2017 WL 4310643, at *2 (W.D. Tex. July 10, 2017).*

**Additional Material Facts**

The Plaintiff is not aware of additional facts for the purpose of summary judgment. For the purpose of liability, she seeks only statutory damages.

**THE PLAINTIFF**

By:_____/s/ Joanne S. Faulkner_____        Date: July 5, 2018
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

11

12

**Certificate of Service**
**I hereby certify that on July 5, 2018, a copy of within was filed electronically.**
**Notice of this filing will be sent by e-mail to all parties by operation of the Court's**
**electronic filing system. Parties may access this filing through the Court's**
**system.**

**____/s/ Joanne S. Faulkner___**

SGR/18545817.1