**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**DEBORA COBB**

**v.**                                                    **CASE NO.  3:17CV 1629 (VLB)**

**ENHANCED RECOVERY COMPANY, LLC**

**PLAINTIFF'S OPPOSITION TO MOTION FOR JUDICIAL NOTICE**

The Defendant's belated motion (Dkt. No. 34) for judicial notice of the NMLS website to support its motion for summary judgment should be denied, because (1) the website is irrelevant under the least sophisticated consumer standard (Dkt. No. 35-1 at 1); (2) the judicial notice is improperly requested for the truth of the website's contents; (3) the website is admittedly unreliable; (4) the website is not a government website.

The Defendant's belated request for additional discovery should be denied.

**The website is irrelevant under the least sophisticated consumer standard.**

The Defendant's use of "ERC" with no other reference to its actual name violates the Fair Debt Collection Practices Act ("FDCPA")  under the least sophisticated consumer standard, as set forth in more detail in the Plaintiff's opposition to summary judgment.  Dkt. No. 35, part II at 11-14. Therefore, in her opposition to summary judgment, the Plaintiff requested summary judgment in her favor. Dkt.  No. 35 at 21.

The Plaintiff particularly noted the absence of admissible evidence that ERC  is a "true name" registered in Connecticut. *Id*. at 16-17;  and disputed the admissibility of the Nationwide Multistate Licensing System (NMLS) website pursuant to Fed. R. Civ. P. 56(c)(1)(B). Dkt. No. 35-1 at 7 ¶ 19.

**Irrelevant Facts Are Not Admissible**

Pursuant to Fed. R. Evid. 402, "[T]he Court takes judicial notice only of *relevant* facts." *CYBERsitter, LLC v. People's Republic of China,* 805 F.Supp.2d 958, 964 (C.D. Cal. 2011) (emphasis in original). Under the least sophisticated consumer standard, the content of an out-of-state data repository is irrelevant. Moreover,  "the more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes. . . . A court should not go outside the record to supply a fact that is an essential part of a party's case unless the fact is clearly beyond dispute."  *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (citations omitted).

**The Court Cannot Take Judicial Notice Of The Truth Of The Website's Contents**

The Defendant submits the out-of-state NMLS website seeking judicial notice of the truth of its contents, to show that ERC is a registered acronym in Connecticut. The content of such a website is inadmissible hearsay under Fed. R. Evid. 201. *Hudson v. Babilonia*, 192 F. Supp. 3d 274, 295 (D. Conn. 2016); *Tremalio v. Demand Shoes, LLC,* No. 3:12-CV-00357 VLB, 2013 WL 5445258, at *6 n.7 (D. Conn. Sept. 30, 2013); *Glynn v. Bankers Life & Cas. Co.,* No. 3:02CV1802 (AVC), 2005 WL 2028698, at *3 (D. Conn. Aug. 23, 2005).

**The Website's Accuracy Is Questionable**

Fed. R. Evid. 201(b)(2)  permits judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the NMLS website specifically disclaims accuracy. "In the provision of this service and the data and information contained

2

in NMLS Consumer Access[SM], SRR makes no warranties of any kind, and disclaims liability to any person for any actions taken or omitted with respect to NMLS Consumer Access[SM]. SRR is not responsible for and cannot verify information contained in NMLS Consumer Access[SM], and does not warrant or guarantee the accuracy or completeness of the information requested."[1]  Judicial notice is not permissible where the website itself disclaims accuracy. *Clark v. Trans Union, LLC,* No. 3:15CV391, 2016 WL 7197391, at *3–4 (E.D. Va. Dec. 9, 2016).

In *Velez v. Healthcare Revenue Recovery Grp., LLC,* No. 1:16CV377, 2017 WL 1476144, at *11–12 (M.D.N.C. Apr. 24, 2017), the court refused to take judicial notice of a web site because "[w]ebsites are frequently modified, and therefore the current content of [Defendant's website] may not be representative of its content at any other time."  Further, "despite the fact that other courts have taken judicial notice of the content of parties' websites, this court declines to do so because a 'reasonable question' exists as to the accuracy of the website's current content as it relates to the same content during April of 2015." *Id.* at * 11 (citations omitted).

<u>The Website Is Not A Governmental Website</u>

The Defendant refers to NMLS as a quasi-governmental agency, but it is not. NMLS has no regulatory or enforcement authority. It is merely a repository of information from some sixty-two state or territorial agencies; it admits it "does not grant or deny license authority." https://www.csbs.org/nationwide-multistate-

---

[1]  http://www.nmlsconsumeraccess.org/Home.aspx/TermsOfUse  ¶ 9.

3

licensing-system (last visited July 21, 2018). In contrast, quasi-governmental entities "function both as regulators and regulated entities." *City of Providence, Rhode Island v. Bats Glob. Markets, Inc.,* 878 F.3d 36, 40 (2d Cir. 2017). They are "authorized to promulgate, administer and enforce rules and regulations." *Aparicio v. Murray*, No. FSTCV165015651S, 2018 WL 914997, at \*5–6 (Conn. Super. Ct. Jan. 17, 2018). The specific list of quasi-public agencies in Conn. Gen. Stat. § 1-120(1) does not include NMLS.

Thus, the NMLS website does not have the credibility of a government website for the purpose of judicial notice, even if it did not disclaim accuracy.

**No Court Has Judicially Noticed The NMLS Website Over An Objection**

The defendant cites three cases for the proposition that the Court may take judicial notice of the NMLS website. In all three cases, there was consent or no objection, unlike this matter. *Cruz v. Credit Control Servs., Inc.,* No. 2-17-CV1994 (ADS) (GRB), 2017 WL 5195225, at \*3 (E.D.N.Y. Nov. 8, 2017) (no objection appears in the record); *Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC,* 929 F. Supp. 2d 502, 510 (D. Md. 2013) (the parties agreed); *Chenault v. Cobb,* No. 13-CV-03828-MEJ, 2014 WL 4607484, at \*2 (N.D. Cal. Sept. 15, 2014) (no objection).

**Discovery Extension Should Be Denied**

The Defendant asks for permission to supplement its motion for summary judgment with the deposition or certification of a business records custodian. The Plaintiff objects to a self-serving certification, and concludes that even multiple depositions would be unsuccessful to show the truth of the information on the NMLS website. The Defendant has not been able to demonstrate the status

of "ERC" due to the absence of *any* documentation other than the website, knowing since at least April that the Plaintiff disputed its accuracy. Dkt. No. 32-3 at 9 ¶ 23; Dkt. No. 32-3 at 15 ¶ 11 (the Plaintiff's April discovery responses).

Discovery in this fee-shifting case closes on July 30, 2018, per the Court's Order of January 11, 2018. Dkt. No. 18.  Indeed, on May 16, 2018, the parties reported to the Court that discovery was complete.  The Defendant has not shown good cause for an extension of discovery. D. Conn. L. Rule 7(b): "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension."

## CONCLUSION

The Defendant's motion should be denied in all respects, and summary judgment should be granted to the Plaintiff.


**THE PLAINTIFF**

By:_____/s/ Joanne S. Faulkner_____          Date: July 23, 2018
Joanne S. Faulkner ct 04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395


**Certificate of Service**

I hereby certify that on July 23, 2018 a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137

`