UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBORAH COBB,<br>    Plaintiff, | : <br> : <br> : | <br> No. 3:17-CV-1629 (VLB) |
| v. | : <br> : | |
| ENHANCED RECOVERY<br>COMPANY, LLC,<br>    Defendant. | : <br> : <br> : <br> : <br> : <br> : | March 11, 2019 |

## MEMORANDUM OF DECISION ON MOTION FOR JUDICIAL NOTICE [DKT. 34]

Plaintiff, Deborah Cobb, brings suit against Enhanced Recovery Company ("ERC") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 alleging that ERC violated § 1692e(14) of the Act, which prohibits "the use of any . . . name other than the true name of the debt collector's business, company, or organization." [Dkt. 10 (Plaintiff's Amended Complaint)]. Plaintiff alleges that ERC sent a letter to Plaintiff referring to itself as "ERC" rather than "Enhanced Recovery Company, LLC," which is ERC's "true name." [*Id.* at ¶ 10]. Defendant brings this Motion for Judicial Notice, asking the Court to take judicial notice of Plaintiff's license records from the National Multistate Licensing System (NMLS), which indicate that Plaintiff is registered under the trade names "Enhanced Recovery Company, LLC" and "ERC." [Dkt. 34 (Motion for Judicial Notice); Dkt. 34-1 (Exhibit 1)]. Plaintiff opposes the motion, arguing that the website is irrelevant, the website is hearsay, and that it lacks reliability. [Dkt. 38 (Memo. in Opposition to Mot. for Judicial Notice)].

1

## Legal Standard

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "[C]aution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998). Courts may take judicial notice of information contained on websites where "the authenticity of the site has not been questioned." *Hotel Employees & Rest. Employees Union, Local 100 of New York, N.Y. & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation,* 311 F.3d 534, 549 (2d Cir. 2002).

Courts routinely take judicial notice of license records. *See Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2 (1977) (taking judicial notice of a vessel's license to fish for mackerel); *Fernandez v. Zoni Language Centers, Inc.*, 2016 WL 2903274 at *3 (S. D. N. Y. May 18, 2016) (taking judicial notice of the fact that the plaintiffs were accredited and certified to operate as Second Language Schools in New York). In particular, other courts have taken judicial notice of license records on the NMLS website. *See Cruz,* 2017 WL 5195225 at *3; *Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC*, 929 F.Supp.2d 502, 510 (D. Md. 2013); *Chenault v. Cobb*, Case No. 13-CV-03828-MEJ, 2014 WL 4607484 at *2 (N.D. Cal. Sept. 15, 2014) (taking judicial notice of NMLS online records because it is a "matter[ ] of public record, provided by a government agency for public review").

"On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e). Plaintiff has had notice of Defendant's request that the Court take judicial notice as Defendant made its request in a motion. See [Dkt. 34]. Plaintiff has also had an opportunity to be heard as she filed an opposition to Defendant's motion. See [Dkt. 38].

## Analysis

The NMLS records are relevant because "[t]he name under which a debt collector is licensed to do business in the state of Connecticut is the debt collector's true name for the purposes of the FDCPA." *Kizer v. Am. Credit & Collection*, No. B-90-78 (TFD), 1990 WL 317475 at *6 (D. Conn. Dec. 17, 1990). *See also Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 470 (E. D. N. Y. 2015) (name under which debt collector was licensed in New York City was its true name for the purposes of the FDCPA); *Cruz v. Credit Control Services*, Case No. 2:17-cv-1994 (ADS) (GRB), 2017 WL 5195225 at *7 (E. D. N. Y. November 8, 2017) (holding that name used by debt collector operating in Freeport, New York was its "true name" for FDCPA purposes where debt collector was licensed under that name in New York City and Massachusetts); *Boyko v. American Int'l Group, Inc.*, Case No. 8-cv-2214 (RBK/JS), 2009 WL 5194431 at *7 (D. N. J. Dec. 23, 2009) ("the Court is persuaded that a collector's 'true name' includes the collector's legal name (*i.e.* the registered corporate or LLC name with the state) as well as the name under which it is licensed to do business").

**Therefore, information about Connecticut license records is probative on whether ERC violated the "true name" provision of § 1692e(14).**

**The accuracy of the NMLS records cannot reasonably be questioned because it is the state-designated repository for licensing records. Connecticut law allows the Connecticut Department of Banking to require licenses for entities in the financial services industry.** *See* **Conn. Gen. Stat. § 36a-24b(b) (authorizing the state banking commissioner to "require persons engaged in a financial services industry subject to the commissioner's jurisdiction to be licensed or registered through the system" and stating, in relevant part, that if "the commissioner elects to require system-based licensure . . . the commissioner shall require all initial or renewal applications for such licenses or registrations in this state to be made and processed through the system in such form as the commissioner may prescribe, and the system shall be authorized to receive and maintain records related to such licenses or registrations to the same extent allowed or required to be maintained by the commissioner."). The Connecticut Department of Banking website directs consumers to the NMLS records "[t]o verify that a consumer collection agency is licensed to do business in Connecticut."** *Consumer Collection Agencies Licensed in Connecticut*, **CT.GOV, https://portal.ct.gov/DOB/Consumer-Credit-Licenses/Consumer-Credit-Licenses/Consumer-Collection-Agencies-Licensed-in-Connecticut (last visited February 11, 2019). Plaintiff does not present the Court with any "reasonable questions" about accuracy of the NMLS online license records.**

4

## Conclusion

The [Dkt. 34] Motion for Judicial Notice is GRANTED. The Court takes judicial notice of [Dkt. 34-1] NMLS License Records.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 11, 2019