UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORA COBB,<br>    Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY<br>COMPANY, LLC,<br>    Defendant. | No. 3:17-CV-1629(VLB)<br><br>March 11, 2019 |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 29]

### I. Background

Before the Court is a Motion for Summary Judgment filed by Defendant, Enhanced Recovery Company, LLC ("Defendant") [Dkt. No. 29], seeking a judgment that it did not misrepresent its identity in violation of the Fair Debt Collection Practices Act (FDCPA) as alleged by Deborah Cobb ("Plaintiff"). For the reasons set forth below, summary judgment is entered for Defendant.

The following facts are undisputed unless otherwise noted.

Plaintiff Deborah Cobb is a citizen of Connecticut. [Dkt. 10 (Amended Complaint), ¶ 3]. Plaintiff used a personal Target credit card for shopping and household goods. [*Id.* at ¶ 4]. That Target credit card account was the subject of debt collection efforts. [*Id.*]

Defendant Enhanced Recovery Company ("Enhanced") is a limited liability company organized under the laws of the state of Delaware. [Dkt. 35-1 (Plaintiff's Local Rule 56(a) Statement), ¶ 1]. Enhanced is currently licensed to act as a

1

consumer collection agency within the state of Connecticut by the Connecticut Banking Department. [*Id.* at ¶ 9].

On July 21, 2017, Enhanced sent a letter to Plaintiff which stated the following:

> DEBORAH COBB
>
> Our records indicate that your balance with TD Bank USA, N.A./ Target Credit Card remains unpaid; therefore your account has been placed with ERC for collection efforts.
>
> Upon receipt and clearance of $1,267.50, your account will be closed and collection efforts will cease.
>
> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

[Dkt. 10 (Amended Complaint), at 5]. The top left corner of the front page of the letter bears a logo comprising the initials "ERC." [*Id.*] The top right corner of the front page identifies the "Creditor" as "TD Bank USA, N.A./ Target Credit Card." [*Id.*] The letter includes the language "[t]his is an attempt to collect a debt. Any information obtained will be used for that purpose." [*Id.*] The letter states "view statements, pay your balance, and manage your account online at payerc.com." [*Id.* (obscured); Dkt. 35-1, ¶ 26]. The letter also lists a toll-free phone number and invites the debtor to "[s]end correspondence to ERC, P. O. Box 57610, Jacksonville, FL 32241." [*Id.*] The reverse of the letter states "Our Corporate Address is: ERC 8014 Bayberry Road Jacksonville, FL 32256." [Dkt. 35-1, ¶ 29].

On August 1, 2017, Ms. Cobb called ERC. [Dkt. 35-1, ¶ 30]. An automated message played, which stated "thank you for calling ERC." [*Id.*]. When ERC's representative answered the phone, he said, in part: "Good morning. Thank you

2

for calling ERC. My name is Irving Anderson speaking with you on a recorded line." [*Id.* at ¶ 31].

Enhanced is licensed with the Connecticut Banking Department to operate as a consumer collection agency in the state of Connecticut. [Dkt. 35-1, ¶ 9]. Since August 2015, Enhanced has been licensed to act as a consumer collection agency within Connecticut under the trade name ERC, as indicated by the National Multistate Licensing Service. [Dkt. 35-1, ¶; Davis Decl. at ¶ 6; Landoll Decl. at ¶¶ 6-8, 12 Ex. A; Costa Cert., Ex. A (Advance Change Notice); Dkt. 41 (Decision on Motion for Judicial Notice)].

Enhanced is licensed as a consumer collection agency with the secretary of state for Florida under the trade name "ERC." [Dkt. 35-1, ¶¶3-4]. Enhanced also maintains a federal registration with the U.S. Patent and Trademark Office for the service mark "ERC" for use in providing debt collection services. [*Id.* at ¶ 6]. Since 2015, Enhanced has been registered with the state of Delaware under the fictitious name "ERC." [*Id.* at ¶ 7].

As of October 1, 2018, the Nationwide Multistate Licensing System was authorized pursuant to Connecticut statute to process applications for consumer collection agency licenses and maintain records of such licenses. [Dkt. 35-1, at ¶ 10]. Searching "ERC" on the NMLS website returns a single match: Enhanced Recovery Company, LLC.[1] [Dkt. 35-1, ¶¶ 17-18]. That match indicates that the

---

[1] Plaintiff disputes this fact, contending that the website is inadmissible hearsay. *See* [Dkt. 35-1, ¶ 17]. The website would be admissible under the hearsay exception for public records. *See* Fed. R. Evid. 803(8). Furthermore, the Court takes judicial notice of the fact that a search for "ERC" on the NMLS website

3

corporation is licensed in Connecticut and uses the trade name "ERC" in Connecticut.[2]  [Dkt. 35-1, ¶¶ 18-19].

II.     **Legal Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). This means that "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000); *see Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-00481, 2004 WL 2472280, at *4 (D. Conn. Oct. 20, 2004) ("At the summary judgment stage of the proceeding, [the moving party is] required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient.") (citing *Gottlieb*, 84 F.3d at 518); *Martinez v. Conn. State Library*, 817 F. Supp. 2d 28, 37 (D. Conn. 2011).   Put another way, "[i]f there is any evidence in the record that could reasonably support

---

yields one match – Enhanced Recovery Company in Bayberry, Florida.  The Court accessed this website and performed this search on 2/28/2019.

a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996). Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

"The FDCPA prohibits debt collectors from employing 'false, deceptive, or misleading' practices." *Sheriff v. Gillie*, 136 S.Ct. 1594, 1598 (2016) (quoting § 1692e). One category of practices is "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." § 1692e(14). "Although the FCCPA does not say 'what a "true name" is, its import is straightforward: a debt collector may not lie about his institutional affiliation.'" *Sheriff*, 136 S.Ct at 1602 (quoting *Gillie v. Law Office of Eric A. Jones, LLC*, 785 F.3d 1091, 1115 (6th Cir. 2015)); *see Moorer v. U.S. Bank N.A.*, Case No. 3:17-CV-56 (VAB), 2018 WL 587319 at *19 (D. Conn. January 29, 2018). The Federal Trade Commission states that the "true name" provision allows a debt collector to "use its full business name, the name under which it usually

5

transacts business, or a commonly—used acronym[,]" as long as "it consistently uses the same name when dealing with a particular consumer." *Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50107 (Dec. 13, 1988). *See Levins v. Healthcare Revenue Recovery Group LLC*, 902 F. 3d 274, 281 (3d Cir. 2018) (quoting the FTC guidance and holding that although the guidance "does not have the force of law and is not entitled to deference in FDCPA cases, we may adopt its interpretation when we find its logic persuasive") (internal quotations and citations omitted).

To determine whether a debt collector's communication violates § 1692e, the Court applies the "least sophisticated consumer" standard. *Nicholson v. Forster & Garbus LLP*, 570 Fed. Appx. 40, 41 (2d Cir. 2014). "Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.* "It should be emphasized that in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir. 1993). "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice…." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233-34 (2d Cir. 2012). Courts should apply the standard "in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Id.* (internal quotations omitted).

III.   Analysis

Plaintiff attempts to stretch the "least sophisticated consumer" standard to undermine established precedent.  Case law is clear on this point – if an entity is licensed to do business under a trade name, that name is the entity's "true name" for the purpose of the FDCPA.  *Kizer v. Am. Credit & Collection*, No. B-90-78 (TFD), 1990 WL 317475 at *6 (D. Conn. Dec. 17, 1990).  *See also Bieder v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 470 (E. D. N. Y. 2015) (name under which debt collector was licensed in New York City was its true name for the purposes of the FDCPA); *Cruz v. Credit Control Services*, Case No. 2:17-cv-1994(ADS)(GRB), 2017 WL 5195225 at *7 (E. D. N. Y.  November 8, 2017) (holding that name used by debt collector operating in Freeport, New York was its "true name" for FDCPA purposes where debt collector was licensed under that name in New York City and Massachusetts); *Boyko v. American Int'l Group, Inc.*, Case No. 8-cv-2214 (RBK/JS), 2009 WL 5194431 at *7 (D. N. J. Dec. 23, 2009) ("the Court is persuaded that a collector's 'true name' includes the collector's legal name (*i.e.* the registered corporate or LLC name with the state) as well as the name under which it is licensed to do business").

Plaintiff asks the Court not to consider the Declaration of Jason Davis, Declaration of Richard Landoll, and Certification of Carmine Costa because these documents are hearsay.  [Dkt. 35-1, at ¶¶ 8, 9, 11, 12].  At the summary judgment phase, "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  The affidavits are not hearsay, they are sworn statements providing

the substance of the affiants' potential testimony. Affidavits or declarations used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff produces no evidence to dispute these requirements.

There is no genuine issue of material fact as to whether Enhanced used its "true name" in its communications with Ms. Cobb for the purposes of § 1692e(14). The court has taken judicial notice of the current NMLS records showing that Enhanced is licensed in Connecticut under the trade name "ERC." [Dkt. 41]. The Court has not taken judicial notice of the "Advance Change Notice History" from the Connecticut Department of Banking [Dkt. 32-4], but this document and the accompanying certification of Carmine Costa would be admissible under Rule 803(8) because the Department of Banking is under a legal duty to report changes in licensing and Plaintiff does not show that the source of the document or other circumstances indicate a lack of trustworthiness. See Fed. R. Evid. 803(8). This document shows that Plaintiff has been licensed in Connecticut under the name "ERC" since 2015, two years before the July 21, 2017 Letter. [Dkt. 32-4, at 2]. Defendant's registration in Florida and Delaware under the name "ERC," an undisputed fact, is also relevant. See [Dkt. 35-1, at ¶¶ 3, 7]. In *Cruz* the court looked at trade name registrations in "multiple municipalities" where the conduct at issue occurred entirely in New York. *Cruz*, 2017 WL 5195225 at *7. In light of this evidence, "ERC" is a trade name under which Enhanced is permitted to transact business.

Plaintiff alleges no instances of misleading conduct or misrepresentations. Defendant fails to cite a single case in which a court allowed a § 1692e(14) claim to proceed against an entity for use of an initialism that the entity uses as a registered trade name in that jurisdiction. Instead, Plaintiff relies on several cases that are easily distinguishable from the present case. Plaintiff's citation to *Johnson v. I.C. System, Inc.*, is wholly inapposite, as that case dealt with § 1692f of the FDCPA, which circumscribes the information that debt collectors may display on the outside of envelopes containing debt collection letters. *See Johnson v. I.C. System, Inc.*, Case No. 4:15-cv-01574 (AGF), 2016 WL 304545 (E. D. Mo. January 25, 2016). The purpose of § 1692f is to ensure that mail from a debt collector is not readily identifiable as such from the outside of the envelope. This purpose stands in stark contrast to § 1692e(14), which is intended to ensure that the letter inside the envelope clearly communicates to the debtor who is attempting to collect the debt and on whose behalf. *Blarek v. Encore Receivable Management* is also not persuasive because that case dealt with a letter that used an initialism for the name of the *creditor* in violation of § 1692g, which does not contain the "true name" requirement for *debt collectors* under § 1692e(14). *See Blarek v. Encore Receivable Management, Inc.*, Case No. 06-C-0420, 2007 WL 984096 at *7 (E.D. Wisc. March 27, 2007). Furthermore, it was undisputed in *Blarek* that the relevant initialism applied to a bank that had ceased to operate under that name but still sent a debt collection letter using an initialism based on the old name. *Id.* at *8. Ms. Cobb's case presents the opposite scenario – the debt collection agency registered under a new initialism and began operating

under that name before contacting Ms. Cobb.  Now Plaintiff seeks to recover by producing evidence of the name under which Enhanced previously conducted business.

Plaintiff's citation to *Velez v. Healthcare Revenue Recovery Group, LLC* is persuasive, but it bolsters Defendant's argument, not Plaintiff's.  *See Velez v. Healthcare Revenue Recovery Group, LLC*, Case No. 1:16-CV-377, 2017 WL 1476144 (M. D. N. C. April 24, 2017).  In *Velez*, the court expressly held that the initialism "ARS" satisfied § 1692e(14) in the state of North Carolina because the defendant registered the fictitious name "ARS" in Florida, where it was headquartered.  *Id.* at *6.  Judge Osteen, Jr. held that the lack of evidence of any "false, deceptive, or misleading" use of the initialism weighed in favor of dismissing Plaintiff's claim under §1692e(14).  *Id.* at *7 ("There is no allegation that HRRG's use of the fictitious name 'ARS' occurred to mislead the [debtor] by hiding the fact the letter was coming from someone other than the original creditor . . . or to create the false impression that a third party had been engaged to collect a debt.") (internal citations omitted).  Plaintiff's claim under § 1692e(14) is even weaker than the claim at issue in *Velez*, because Enhanced is not only registered registered under the name "ERC" in Florida and Delaware, but also in Connecticut – the same jurisdiction where the collection was sent.  *See* [Dkt. 41].

The fact that other companies use the initialism "ERC" does not make the letter confusing to the least sophisticated consumer.  The companies Plaintiff cites as using the initials "ERC" are not debt collection companies.  *See* [Dkt. 35, at 5].  Although the Court adheres to the least sophisticated consumer standard,

10

the Court must also be limited by reasonableness. *Easterling*, 692 F.3d at 233-34. In other words, the Court is to assume that a consumer is unsophisticated, not that the consumer is willfully obtuse. It is reasonable to assume that even the least sophisticated consumer, upon receiving a letter purporting to collect a debt for a "Target credit card," would not assume that "ERC" stands for "Energy Regulatory Commission", "Evangelical Reformed Church," or "Eastern Red Cedar" – all interpretations suggested by Plaintiff. *See* [Dkt. 35, at 5]. These are the types of "bizarre, idiosyncratic interpretations" that this Court must guard against. *See Easterling*, 692 F.3d at 233-34.

The information ERC provided to Ms. Cobb fully enabled the least sophisticated consumer to determine whether the debt collection was legitimate or fraudulent. The letter contained a website using the initials "ERC," a corporate address bearing the name "ERC," and a telephone number that led to a representative answering the phone and identifying the company as "ERC." Contrary to Plaintiff's assertions, the letter did not require a Connecticut consumer to "chase around in Delaware, Florida, or the U.S. Patent Office." [Dkt. 35, at 11]. All of the information was available on the Connecticut Department of Banking website, which was the system set up by the State of Connecticut to allow the public to determine the identity of legitimate debt collectors. Still, this Court makes no finding as to whether the "least sophisticated consumer" standard requires a consumer to search for an entity on a licensing website. Such an inquiry is unnecessary, because the Court follows the guidance of the

11

FTC and precedent in this District in stating that a trade name under which an entity is licensed is that entity's "true name" for the purpose of §1692e(14).

IV. <u>Conclusion</u>

Defendant shows that there is no genuine issue of material fact as to whether Enhanced was licensed in Connecticut under the trade name "ERC" and conducts business under that name. Therefore, "ERC" is Enhanced's "true name" for the purposes of § 1692e(14). Plaintiff alleges no facts showing that that Enhanced used the name "ERC" in a false, deceptive, or misleading way. To the contrary, the evidence shows that the July 21, 2017 provided ample information for the least sophisticated consumer to understand that a debt was being collected, understand who was collecting the debt, and dispute the debt. The FDCPA protects consumers from unscrupulous debt collectors; the statute does not create an avenue to harass legitimate creditors with litigation through superficial interpretation of its provisions. For these reasons, Defendant's Motion for Summary Judgment is GRANTED. The Clerk is directed to close this case.

    IT IS SO ORDERED

    _____/s/_____

    Hon. Vanessa L. Bryant
    United States District Judge

Dated at Hartford, Connecticut: March 11, 2019